■ In the Matter of PASCHAL A. CORBO, Petitioner-Respondent, v LES CHATEAU ASSOCIATES et al., Appellants, et al., Respondent.—In a proceeding to compel arbitration, the appeals are from an order of the Supreme Court, Richmond County (Felig, J.), dated July 16, 1986, which granted the petition and denied a cross application to permanently stay arbitration.

Ordered, that the order is affirmed, with costs.

The appellants argue that the proceeding to compel arbitration, which was commenced in February 1985, was brought more than six years after the transactions involved in the petitioner's claim and more than four years after the petitioner should have, with reasonable diligence, discovered the alleged fraud *(see,* CPLR 213 [8]; 203 [f]; *Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353). In July 1981 the Internal Revenue Service informed the petitioner that it was disallowing his deduction with respect to the appellant partnership's activities for the year 1977 because the partnership had had no transactions, assets or liabilities during that year. The appellants argue that this was sufficient to put the petitioner on notice and to charge him with knowledge of the alleged fraud. The petitioner responds, *inter alia,* that upon receiving this audit, his accountant spoke to the appellants who assured him that they had kept proper books and records and that based upon these representations, the accountant filed a protest with the Internal Revenue Service. The petitioner argues that under the circumstances, he saw no need to commence suit against the appellants. In 1984, when the petitioner learned of further irregularities and the Internal Revenue Service attached his bank accounts, he promptly commenced this proceeding. The petitioner also argues that appellants' actions should equitably estop them from asserting the Statute of Limitations *(see, Simcuski v Saeli,* 44 NY2d 442, 449; *General Stencils v Chiappa,* 18 NY2d 125).

Special Term decided, and we agree, that there was insufficient evidence in the record to reach the conclusion that, as a matter of law, the petitioner failed to exercise reasonable diligence in discovering the fraud in 1981. Special Term did not abuse its discretion in this case in leaving ultimate resolution of these issues to the arbitrator. While the court is empowered to decide threshold issues, including Statute of

Limitations issues (CPLR 7502 [b]; *Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669), the scope of this power should be applied narrowly and substantive issues should be left to the arbitrator (CPLR 7501; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358; *Matter of Uddo [Taormina]*, 21 AD2d 402). While factual issues concerning the Statute of Limitations may be tried by the court (CPLR 7503 [b]; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co., supra*, at 363), in the instant case, these issues are intertwined with the ultimate substantive issues. Leaving these issues to the arbitrator will permit a more efficient resolution consistent with the objectives of CPLR article 75. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.