■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR GARCIA, Appellant. [608 NYS2d 425] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered October 16, 1991, convicting defendant, after jury trial, of assault in the first degree (two counts), criminal possession of a weapon in the second degree (three counts), assault in the second degree (two counts), criminal possession of a weapon in the third degree (three counts), reckless endangerment in the first degree, and unlawful wearing of a body vest, and sentencing him, as a second violent felony offender, to terms of 7½ to

15 years on each assault in the first degree and criminal possession of a weapon in the second degree count, time served on the body vest count, and 3½ to 7 years on each remaining count, all to run concurrently, unanimously modified, on the law and the facts, to vacate the judgment and sentence imposed on the body vest count, and otherwise affirmed.

Overwhelming evidence, including eyewitness testimony of two complainants and two police officers who happened on the scene, proved that defendant and two others, each carrying a loaded and operable gun, approached the door of a crowded Manhattan restaurant and repeatedly shot into the premises. Testimony of the complainants and a medical expert proved that one of the shooting victims suffered multiple gunshot wounds to the legs, resulting in a fractured knee cap and permanent restriction of leg movement. This testimony constituted sufficient evidence of protracted impairment of a bodily organ, satisfying the "serious physical injury" element of the assault in the first degree counts (see, Penal Law § 10.00 [10]).

A review of the record indicates that the People's evidence was insufficient to support defendant's conviction for unlawful wearing of a body vest, as there was no evidence regarding the grain content or velocity of the bullets used in testing the vest, so as to allow the jury to determine whether the vest in question fit the statutory specifications for a "body vest" (Penal Law § 270.20 [2]), as specifically charged by the trial court. Thus, the judgment and sentence on that count are vacated. As defendant was sentenced to time served on the body vest conviction, and that conviction cannot reasonably be viewed as contributing to the sentences imposed on the remaining counts, there is no need to remand for resentencing.

We note that the prosecution offered facially race-neutral explanations for exercising three peremptory challenges during the jury voir dire now alleged by defendant to be pretextual. As defendant in no way took issue with those explanations before the trial court, he has failed to preserve any claim of error for appellate review (People v Smith, 81 NY2d 875, 876).

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.