■ In the Matter of the Arbitration between PRUDENTIAL SECURITIES, INC., Respondent-Appellant, and ALFRED C. PURELLO, Appellant-Respondent. [614 NYS2d 638] —Peters, J. Cross appeals from an order of the Supreme Court (Conway, J.), entered July 15, 1993 in Albany County, which partially granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner moved for an order pursuant to CPLR 7503 permanently staying the arbitration commenced by respondent before the National Association of Securities Dealers, Inc. (hereinafter NASD) on the ground that the claims fail to satisfy the substantive eligibility requirement of section 15 of the NASD Code of Arbitration Procedure (hereinafter the Code). Respondent argued, inter alia, that the Federal Arbitration Act (hereinafter FAA) (see, 9 USC § 1 et seq.) is applicable and warrants arbitration of all claims. The statement of claim

alleged eight causes of action: (1) breach of contract, (2) breach of fiduciary duty, (3) respondeat superior, (4) common-law fraud and fraudulent concealment, (5) violations of Securities Exchange Act of 1934, (6) liability under the Employee Retirement Income Security Act of 1974, (7) negligent misrepresentation, and (8) securities brokerage malpractice.

Supreme Court held that arbitration of the second, third, fifth, sixth and eighth causes of action were barred by the eligibility requirements detailed in section 15 of the Code. Supreme Court held, however, that arbitration of the first, fourth, and seventh causes of action properly fell within the embrace of the "commerce" realm of the FAA requiring that questions concerning the timeliness of these claims be decided by the arbitrator.

It should be noted at the outset that the parties do not dispute that an agreement to arbitrate exists or that the Code binds them. Moreover, no question has been raised as to whether the claims at issue are subject to arbitration. Hence, in solely addressing the eligibility requirement set forth in section 15 of the Code, we note that the section provides as follows: "No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statute of limitations". Upon our review we find that Supreme Court erred in failing to leave the ultimate resolution of the issue of timeliness concerning the second, third, fifth, sixth and eighth causes of action to the arbitrator.

It is well settled that "[w]hile the court is empowered to decide threshold issues, including Statute of Limitations issues * * * the scope of this power should be applied narrowly and substantive issues should be left to the arbitrator" (Matter of Corbo v Les Chateau Assocs., 127 AD2d 657, 657-658 [citations omitted]). Here, as in Matter of Corbo v Les Chateau Assocs. (supra), we find that "[w]hile factual issues concerning the Statute of Limitations may be tried by the court * * * in the instant case, these issues are intertwined with the ultimate substantive issues" (supra, at 658 [citations omitted]). Due to the continuing nature of these claims and the uncertainty concerning the date of the occurrence or event giving rise to these claims, leaving these issues to the arbitrator will permit a more efficient resolution.

Our determination is consistent with the provisions of section 35 of the Code which provides that "[t]he arbitrator shall

be empowered to interpret and determine the applicability of all provisions under this Code which interpretation shall be final and binding upon the parties". As noted by the United States District Court for the Southern District of New York in *Merrill Lynch, Pierce, Fenner & Smith v Noonan* (1992 US Dist LEXIS 11363, *27, 1992 WL 196741, *9[SD NY, Aug. 3, 1992, Kram, J.]) when interpreting section 35 of the Code: "Since the NASD Code reserves the right to interpret all provisions under its Code, including Section 15, and since the Second Circuit has mandated that any limitations defense is in the province of the arbitrators, this Court compels arbitration before the NASD in New York City and defers to the arbitrator's judgment on the issue of the timeliness of respondents' claims".

Further, we find the subject claims to have stemmed from securities transactions which are interstate commerce and, therefore, subject to the FAA *(see, Dean Witter Reynolds v Byrd,* 470 US 213). Under the FAA, which embodies an "emphatic" national policy favoring arbitration which is binding on all courts, State and Federal, " 'questions of arbitrability must be addressed with a healthy regard for the federal policy * * * [and] any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration' " *(Singer v Jefferies & Co.,* 78 NY2d 76, 81-82, quoting *Cone Mem. Hosp. v Mercury Constr. Corp.,* 460 US 1, 24-25). Hence, with Federal substantive law now governing the scope and interpretation of this agreement, "regardless of what our own State's policies or case law might dictate" *(Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623, 631, *cert denied* — US —, 114 S Ct 554), our decision to leave these limitations issues to the arbitrator is further buttressed *(see, Shearson Lehman Hutton v Wagoner,* 944 F2d 114, 121; *Conticommodity Servs. v Philipp & Lion,* 613 F2d 1222, 1224-1225).

In next addressing respondent's contention that Supreme Court lacks subject matter jurisdiction to decide the arbitrability of the sixth cause of action alleging a violation of the Employee Retirement Income Security Act of 1974 [29 USC § 1001 *et seq.],* we find such contention to be without merit.

Mercure, J. P., White, Casey and Weiss, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application to stay arbitration of the second, third, fifth, sixth and eighth causes of action; application denied regarding said causes of action; and, as so modified, affirmed.