■ In the Matter of the Arbitration between MML INVES-TORS SERVICES, INC., Appellant, and WILLIAM D. PITTMAN COM-PANY, INC. PENSION FUND et al., Respondents. [620 NYS2d 605] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keegan, J.), entered June 7, 1994 in Albany County, which, *inter alia,* denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondents, the pension fund of a small company and its trustee (who is also the president of the company), sought arbitration of a claim against petitioner arising from respondents' purchase of limited partnership interests, which are allegedly worthless, from Raymond Nasta, formerly petitioner's employee. Petitioner moved to stay arbitration *(see,* CPLR 7503 [b]), asserting that it has not entered into any agreement to arbitrate disputes with respondents, and respondents cross-moved to dismiss the petition and to compel arbitration *(see,* CPLR 7503 [a]). Supreme Court denied petitioner's application and granted respondents' cross application, and petitioner appeals.

Respondents do not assert that they are a party to a specific, written agreement to arbitrate with petitioner, but rely on petitioner's membership in the National Association of Securities Dealers Inc. (hereinafter NASD), which requires its members to arbitrate disputes with customers. Petitioner contends that respondents were not its customers at the time of the transactions at issue and, hence, Supreme Court erred in ordering the parties to submit to arbitration.

Whether respondents were "customers" of petitioner is the type of threshold question which may properly be addressed by the courts under CPLR 7503 *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 6-7). While respondents, who bear the burden of proving that petitioner has agreed to arbitrate, have not produced unequivocal evidence that petitioner considered them customers when the subject transactions took place, or that Nasta was, in fact, representing petitioner in his dealings with them, it is undis-

puted that Nasta was employed by petitioner as a securities broker when two of the three transactions occurred. There is also evidence that respondent William Pittman (hereinafter Pittman) had a reasonable belief that Nasta was acting within the scope of his employment with petitioner when Nasta recommended that the pension fund invest in the limited partnership interests and consummated the transactions. Respondents have demonstrated that Pittman had previously dealt, individually, with petitioner, and that as a result his company and its pension fund were actively solicited as customers by two of petitioner's employees, Brian Gaffney and Alan Porter, who thereafter introduced Pittman to Nasta and informed Pittman that Nasta, too, was affiliated with petitioner. In response, petitioner offers merely conclusory allegations that neither the pension fund nor the company were its customers. Under these circumstances, and bearing in mind the strong national and State policies favoring arbitration, and the resulting preference for resolving doubtful questions in favor of arbitration (see, Cone Mem. Hosp. v Mercury Constr. Corp., 460 US 1, 24; Singer v Jefferies & Co., 78 NY2d 76, 81-82; Matter of Prudential Sec. [Purello], 206 AD2d 713, 715), Supreme Court did not err in finding that respondents must be considered petitioner's "customers" for the purposes of the NASD Code of Arbitration Procedure.

Also unconvincing is petitioner's contention that arbitration should be stayed with respect to certain of respondents' claims because they have not been timely brought. Inasmuch as these claims arise out of transactions that involve interstate commerce, the Federal Arbitration Act, and derivative case law, govern (see, Fletcher v Kidder, Peabody & Co., 81 NY2d 623, 630-631, cert denied — US —, 114 S Ct 554; Matter of Prudential Sec. [Purello], supra) and any Statute of Limitations question, whether it stems from the arbitration agreement or from a State statute, is to be resolved by the arbitrators (see, Shearson Lehman Hutton ·v Wagoner, 944 F2d 114, 121). Petitioner's argument that Supreme Court should have addressed the merits of its assertions of untimeliness is therefore unavailing.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.