■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GOODEN, Appellant. [633 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered March 29, 1993, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the second round of voir dire, defense counsel objected to the prosecution's use of peremptory challenges against black jurors. The court indicated that it did not see a pattern forming, but offered to allow the prosecutor to "volunteer his reasons, at least for today and * * * any comments about [the peremptory challenges exercised] yesterday". The prosecutor then volunteered his race-neutral reasons for the challenges. Notwithstanding the parties' argument over whether a prima facie case was established, the issue was rendered academic because the "prosecutor has offered a[n] * * * explanation for the peremptory challenges and the trial court has ruled on the ultimate question of [purposeful] discrimination" (Hernandez v New York, 500 US 352, 359). Thus, the issue before this Court is whether the defendant met his burden of proving that the peremptory challenges were racially motivated.

The second step of the Batson analysis requires only that the non-moving party offer a race-neutral explanation. That requirement " 'does not demand an explanation that is persuasive, or even plausible. "At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral" ' " (People v Allen, 86 NY2d 101, 110, quoting Purkett v Elem, 514 US —, —, 131 L Ed 2d 834, 839, quoting Hernandez v New York, supra, at 360). Once the explanations are offered, the burden then shifts back to the moving party to prove that the facially valid explanations were pretextual (see, People v Allen, supra; People v Hernandez, supra, at 364-365). The only indication of dissatisfaction by the defense was its request for a mistrial or a resumption of the voir dire with the court's attention drawn to the prosecution's future challenges. No specific objections were taken with respect to the race-neutral explanations offered by the prosecution. Accordingly, the defense failed to meet its burden.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.