■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA, Appellant. [640 NYS2d 483]

Defendant failed to meet his burden, on the third step of his *Batson* challenge, of showing that the reasons offered by the prosecutor for his challenge of a Hispanic juror were pretextual (*see, People v Allen*, 86 NY2d 101; *Purkett v Elem*, 514 US —, 115 S Ct 1769). With one exception, defendant failed to argue that the reasons advanced by the prosecutor were pretextual, and accordingly, those claims are unpreserved for appellate review (*People v Garcia*, 202 AD2d 189, *lv denied* 83 NY2d 1003). As to the instance where defense counsel suggested that the prosecutor thought the prospective juror may have had a criminal record merely because he was Hispanic, the contention was insufficient to warrant a conclusion that the prosecutor was exercising challenges to jurors in an intentionally discriminatory manner (*see, People v Gooden*, 220 AD2d 683). The factual determination by the trial court that the reasons given by the prosecutor were not pretextual is entitled to deference on appeal (*see, People v Mancini*, 219 AD2d 456, 458), and, on this record, should not be disturbed. The juror's youth, his lack of employment, and his volunteered statement that he might recognize the police witnesses in the case as a result of his familiarity with the area of the crime, were acceptable race-neutral reasons. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Mazzarelli, JJ.