In the Matter of CANTOR FITZGERALD, L. P., Respondent. KENNETH I. GINSBERG, Appellant. [645 NYS2d 36]

Because the primary issue before the Supreme Court was whether the original limited partnership agreement, which contained a broad arbitration clause, had been superseded by a restated agreement which deleted that clause, the court properly found that a determination of that issue should be made by the court, and not an arbitrator (see, *Matter of Cassone,* 63 NY2d 756, 759; *Matter of Fener Realty Co. [NICO Constr.],* 182 AD2d 436, 437-438). The appellant's contention that he was no longer a limited partner of the petitioner limited partnership at the time the restated limited partnership agreement became effective is without merit. Neither the original

agreement nor the restated agreement provided for the withdrawal of a limited partner. Partnership Law § 121-603 provides, in pertinent part, that in the absence of such a provision a "limited partner may withdraw from a limited partnership * * * upon not less than six months' prior written notice to the limited partnership". Because the restated agreement was approved by the requisite percentage of limited partners before the appellant's resignation was effective, the court properly found that he was bound by the forum selection clause contained in the restated agreement, and was not entitled to arbitrate his claim against the limited partnership.

We are not persuaded that the forum selection clause, which required the appellant to pursue his claim in the State courts of Delaware, violated public policy (see, Hirschman v National Textbook Co., 184 AD2d 494, 495). The limited partnership was formed under, and the agreement states that it should be governed by, the laws of that State. Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.