■ ZDENEK MAREK, Doing Business as ZINC, Appellant, v ALEXANDER LAUFER AND SON, INC., Respondent. ZDENEK MAREK, Doing Business as ZINC, Appellant, v ALEXANDER LAUFER AND SON, INC., Respondent. [683 NYS2d 50] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 22, 1998, which, in two related actions, denied Zinc's motions to stay arbitration and granted the cross-motions of respondent Alexander Laufer and Son, Inc. (Laufer) to compel arbitration, unanimously reversed, on the law, with costs, the motions to stay arbitration granted and the cross-motions denied.

Zinc, a garment manufacturer, began purchasing piece goods and yarn from Laufer in or about May 1996, making 62 purchases over the ensuing 17-month period. Zinc customarily placed its orders verbally and, for each transaction, Laufer sent a written confirmation. Each such confirmation contained, on the reverse side, a broad arbitration clause. However, it is undisputed that the subject of arbitration was never the topic of discussion between the parties. Thus, none of the oral agreements can be said to have contemplated that disputes would be subject to arbitration.

On November 25, 1997, Zinc filed a summons and complaint in Supreme Court, New York County, asserting four causes of action against Laufer with regard to purchased goods. On December 22, Laufer answered and sought to stay the action and compel arbitration. Also on that date, Laufer filed a demand for arbitration, in response to which Zinc moved, by way of order to show cause, for a stay pursuant to CPLR 7503

(b). Supreme Court directed the parties to proceed to arbitration. The court reasoned that "by agreeing to the terms of the sales orders the plaintiff agreed to arbitrate disputes arising therefrom."

A party who consents to arbitrate "waives in large part many of his normal rights under the procedural and substantive law of the State, and it would be unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent" (*Matter of Marlene Indus. Corp. [Carnac Textiles]*, 45 NY2d 327, 333-334). Consent to arbitrate cannot be given by inadvertence. "It is settled that a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes' * * * The agreement must be clear, explicit and unequivocal * * * and must not depend upon implication or subtlety" (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184 [citations omitted]).

*Matter of Marlene Indus. Corp. (Carnac Textiles) (supra)* is not distinguishable from this case. As here, the issue was whether the parties' agreement should be deemed to include a broad arbitration clause contained in Carnac Textiles' acknowledgment of an order placed orally by Marlene Industries. Applying UCC 2-207 (2) (b), the Court held (*supra,* at 333) that the arbitration provision was merely a proposed additional term for inclusion in the contract, which does not become part of the agreement unless the other party expressly consents. The result is the same whether the parties exchange writings that constitute offer and acceptance or whether the writing serves merely as confirmation of an existing oral contract (*supra*, at 332-333).

The Court of Appeals' decision in *Schubtex, Inc. v Allen Snyder, Inc.* (49 NY2d 1) does not support a different result. As noted in that case, an arbitration provision printed on an acknowledgment that is insufficient to bind the other party by virtue of UCC 2-207 (2) (b) does not gain validity by "repeated use of the same ineffective form" (*supra*, at 7). Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.