◼ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v MATHILDE DALEY, Appellant. [709 NYS2d 849] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of the appellant's claim for uninsured motorist benefits, the appeal is from an order of Supreme Court, Queens County (Kassoff, J.), dated June 1, 1999, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

In March 1999 the appellant demanded arbitration of a claim against the petitioner New York Central Fire Insurance Company (hereinafter New York Central) for uninsured motorist benefits arising from an accident that occurred in October 1996. The Supreme Court granted the application of New York Central for a permanent stay of arbitration on the ground that the appellant had failed to timely complete and return proffered claim forms, or to have offered a reasonable excuse for her failure to do so, a condition precedent to coverage under the policy (*see, Matter of New York Cent. Mut. Fire Ins. Co. v Shepard,* 249 AD2d 549; *Matter of Home Indem. Co. v Messana,* 139 AD2d 513). The appellant now argues that the Supreme Court erred in granting the petition because New York Central presented no proof that it had in fact proffered such claim forms. However, since this argument was not raised before the Supreme Court, it is not properly before this Court on appeal (*see, American Home Assur. Co. v Choudry,* 255 AD2d 346). Indeed, the argument turns on factual matters that could have been rebutted if raised before the Supreme Court (*see,*

*Matter of Cooke v City of Long Beach,* 247 AD2d 538). Moreover, it is contrary to implicit admissions made before the Supreme Court. The appellant has otherwise failed to demonstrate that the court erred in granting a permanent stay of arbitration. Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.