Curtis **WELLS**, Jr., Petitioner,

v.

Calvin **WEST**, Superintendent, Elmira Correctional Facility, Respondent.

No. 03 CIV. 3300(VM).

United States District Court, S.D. New York.

May 7, 2004.

Curtis Wells, Jr., Elmira, NY, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

*Pro se* petitioner Curtis Wells, Jr. ("Wells") was convicted of burglary in the second degree after trial in May 1999 in the Supreme Court of the State of New York, New York County (the "Trial Court"). He is currently serving a sentence of fifteen years in prison. Wells has filed a petition for a writ of habeas corpus on the ground that two members of the jury pool at his trial were wrongfully excluded from the jury during voir dire because of their race. Because independent and adequate state procedural grounds bar federal habeas review of Wells's claim, and because the Court alternatively concludes that no constitutional violations occurred, the Court denies Wells's petition.

### I. INTRODUCTION

The cellar of a ground-floor apartment in a brownstone building in Manhattan was burglarized early in the morning of December 21, 1996. The apartment's tenant reported several items missing, including a power tool, cooking utensils which had been stored in Tupperware containers, and silverware. Police investigators discovered fingerprints on some items inside the cellar, including a Tupperware container which had held some of the missing utensils. The police used a computerized statewide fingerprint database and identified Wells as a possible match to the fingerprints on the items inside the cellar.

Police ultimately arrested Wells pursuant to an arrest warrant on the burglary in July 1998. Police investigators performed further fingerprint comparisons and concluded that Wells's fingerprints matched those from the items inside the cellar.

Wells was tried before a jury in the Trial Court in May 1999. The fingerprints were the only evidence presented at trial linking Wells to the crime. The Trial Court instructed the jury on burglary in the second degree and criminal trespass in the second degree. The jury convicted Wells of second degree burglary. The Trial Court adjudicated Wells a second violent felony offender based on a prior conviction and sentenced Wells to 15 years imprisonment.

During jury selection, the prosecutor used two peremptory challenges to strike the only two African–American women on the jury panel. The prosecutor did not use any other peremptory challenges. Wells's trial counsel immediately raised an objection pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that the prosecutor was engaging in a racially discriminatory exclusion of potential jurors. The Trial Court observed that the prosecutor had left one African–American male on the jury panel despite having the option to use more peremptory challenges. The Trial Court then asked the prosecutor to indicate his reasons for striking the two women.

The prosecutor stated that he challenged one of the women, juror number 7, because she did not provide satisfactory answers to his questions during voir dire. The prosecutor then stated that he challenged the other woman, juror number 10, because she did not look at him when he questioned her and because "she was the only person . . . out of all 16 people who were questioned who answered in one-word answers. She was not very forthcoming with her answers . . . ." (Trial Tran-

script, *People v. Wells,* Indt. No. 6805/98, Supreme Court of the State of New York, County of New York, Criminal Term Part 73, May 5, 1999 ("Tr."), at Jury Selection 128.)

The Trial Court stated that "both challenges were racially as well as genderly neutral and based on valid reasons" and denied the *Batson* challenge. (Tr. at Jury Selection 129.) Wells's counsel did not renew his *Batson* objection after the Trial Court's ruling. ·

Wells appealed his conviction to the Supreme Court of the State of New York, Appellate Division, First Department (the "Appellate Division") on the sole ground that the jury selection violated his state and federal constitutional rights under *Batson.* In a decision dated June 13, 2002, the Appellate Division denied Wells's appeal. The Appellate Division ruled that Wells failed to preserve his *Batson* claim under New York State law because his counsel remained silent after the Trial Court accepted the prosecutor's reasons for exercising the peremptory challenges against the two African–American women jurors. *People v. Wells,* 295 A.D.2d 178, 743 N.Y.S.2d 708 (1st Dep't 2002). The Appellate Division also stated that even if Wells had preserved his claim, the nondiscriminatory reasons that the prosecutor identified for exercising the peremptory challenges at issue were not pretextual. *Id.* Wells filed a petition for leave to appeal to the New York Court of Appeals, which was denied. *People v. Wells,* 98 N.Y.2d 732, 749 N.Y.S.2d 483, 779 N.E.2d 194 (2002).

Wells now brings the present petition for a writ of habeas corpus.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW FOR HABEAS PETITIONS*

As set forth in the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a federal district court may issue a writ of habeas corpus to a person who is in custody as a result of a state court conviction only if that custody violates the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 2254(a). Under AEDPA, if a state prisoner's claims were decided on the merits by a state court, this Court may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Eze v. Senkowski,* 321 F.3d 110, 121 (2d Cir.2003).

## B. *STATE PROCEDURAL BAR*

The Appellate Division denied Wells's appeal of his conviction on the ground that he failed to preserve his *Batson* claim under New York State procedural law. *Wells,* 743 N.Y.S.2d at 708. When a state court denies a claim on independent and adequate state procedural law grounds, that decision will bar federal habeas review of such claims. *See Lambrix v. Singletary,* 520 U.S. 518, 523, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997); *Dunham v. Travis,* 313 F.3d 724, 729 (2d Cir.2002). There are limited circumstances in which a federal court may conduct a habeas review of claims that have been decided on independent and adequate state procedural grounds. Federal habeas review is permissible if the petitioner can demonstrate actual innocence of the crime charged, *Dunham,* 313 F.3d at 730, cause for the procedural default and resulting prejudice, *Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000), or that the procedural bar that the state court applied is not firmly established or regularly followed in the state. *Cotto v. Herbert,* 331 F.3d 217, 239 (2d Cir.2003). Wells makes no assertion of actual inno-

cence in his filings, nor does he attempt to provide cause for the procedural default.

The Appellate Division reasoned that because Wells's counsel remained silent after the prosecution stated to the Trial Court its reasons for exercising the peremptory challenges at issue, Wells waived his claim for purposes of appellate review. *Id.* The Appellate Division relied upon *People v. Allen,* 86 N.Y.2d 101, 629 N.Y.S.2d 1003, 653 N.E.2d 1173 (1995), in which the New York Court of Appeals (the "Court of Appeals") reiterated the New York State procedural requirement that a defendant expressly indicate to the trial judge any perceived discriminatory motives in the prosecution's exercise of peremptory challenges after the prosecution explains its reasons for the challenge. *See id.* at 1178.

Although Wells relies primarily on his submissions to the Appellate Division in this habeas petition, he did enclose a copy of his petition to the Court of Appeals for leave to appeal the decision of the Appellate Division. In that petition, Wells's counsel argued that the procedural rule on which the Appellate Division based its decision was not firmly established or regularly applied outside of the First Department of the Appellate Division, and in fact contradicted the procedural rules of the Court of Appeals and the United States Supreme Court. To support his argument that the procedural rule was not firmly established or regularly applied throughout New York State, Wells noted in his petition for leave that the Court of Appeals had granted leave to appeal but had not yet heard argument on two very similar cases raising the same issue of preservation of *Batson* claims.

The Court of Appeals denied Wells's petition for leave and ultimately re-affirmed the procedural requirement in the cases Wells referred to in his petition for

leave. *See People v. James,* 99 N.Y.2d 264, 755 N.Y.S.2d 43, 784 N.E.2d 1152 (2002). In *James,* the Court of Appeals ruled that the defendants failed to preserve their *Batson* claims when they remained silent after the prosecution provided the trial judges with race-neutral reasons for exercising peremptory challenges. *James,* 755 N.Y.S.2d 43, 784 N.E.2d at 1157.

Although the Court of Appeals did expound on the contemporaneous objection procedural rule in *James,* and the rule is obviously firmly established and regularly applied since that 2002 decision, the requirement had been firmly established and regularly applied in New York well before the decision in *James.* In *People v. Hedian,* 258 A.D.2d 363, 683 N.Y.S.2d 848 (1st Dep't 1999), for example, the Appellate Division ruled that a defendant failed to preserve a *Batson* claim when he did not object to the race-neutral explanations advanced by the prosecution for certain peremptory challenges. *Id.; see also, People v. Harris,* 258 A.D.2d 323, 683 N.Y.S.2d 845 (1st Dep't 1999) (same); *People v. Rivera,* 225 A.D.2d 392, 640 N.Y.S.2d 483 (1st Dep't 1996) (same); *People v. Garcia,* 202 A.D.2d 189, 608 N.Y.S.2d 425, 426 (1st Dep't 1994)(same); *People v. Bowman,* 185 A.D.2d 891, 587 N.Y.S.2d 858, 859 (2d Dep't 1992) (same); *People v. Campanella,* 176 A.D.2d 813, 575 N.Y.S.2d 137, 138 (2d Dep't 1991) (same).

Several courts in this District reviewing habeas petitions presenting similar procedural scenarios involving preservation of *Batson* claims before the Court of Appeals's 2002 decision in *James* have rejected arguments that the contemporaneous objection requirement for preservation of *Batson* claims was not firmly established and regularly applied. For example, in *Harris v. Artuz,* No. 99 Civ. 11229, 2001 WL 435636 (S.D.N.Y. Apr. 30, 2001), the petitioner's *Batson* claim had been denied by the state appellate court for failure to object after the prosecution provided race-neutral reasons for exercising peremptory challenge. The district court in *Harris* ruled that the preservation ruling was an adequate and independent state procedural ground sufficient to bar federal habeas review of the petitioner's claim. *Harris,* 2001 WL 435636 at *5. Other courts in this District have reached the same conclusion. *See Morales v. Artuz,* No. 98 Civ. 6558, 2000 WL 1693563 (S.D.N.Y. Nov. 13, 2000); *Owens v. Portuondo,* No. 98 Civ. 6559, 1999 WL 378343 (S.D.N.Y. June 9, 1999).

The Appellate Division's rejection of Wells's claims on independent and adequate state procedural grounds bars this Court from reviewing Wells's habeas petition. Only if Wells could demonstrate actual innocence, or cause for defaulting on the procedural rule and resulting prejudice, could this Court conduct a review of his claims.

## C. BATSON CLAIM

■ Although independent and adequate state procedural grounds bar Wells's claim from habeas review, the Court has nevertheless examined Wells's claim. In *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court ruled that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibited prosecutors from exercising a peremptory challenge against a potential juror solely on account of the juror's race. In *J.E.B. v. Alabama,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), the Supreme Court extended that principle to prohibit the use of peremptory challenges based solely on a potential juror's gender. The exclusions of potential jurors based solely on their race or gender violates the constitutional right of the defendant to be tried by a jury of his or her peers and the right of the

excluded jurors to participate in jury service, and ultimately damages the community by undermining the credibility and fairness of the judicial process. *See Batson,* 476 U.S. at 87, 106 S.Ct. 1712.

■ Courts apply a three-step process to determine whether a peremptory challenge was impermissibly exercised on the basis of race or gender:

First, the defendant must establish a *prima facie* case of discrimination. Second, the prosecutor must offer an explanation for the strike that is, on its face, race-[or gender-] neutral. Third, the trial court must determine whether the defendant has carried her burden of proving that the government's proffered reason was pretextual, and that the strike was indeed motivated by purposeful discrimination.

*United States v. Brown,* 352 F.3d 654, 660 (2d Cir.2003) (citing *Batson,* 476 U.S. at 97–98, 106 S.Ct. 1712).

The Court need not decide whether Wells established a *prima facie* case of discrimination because once the prosecutor offers a race- or gender-neutral reason for the peremptory challenge and the trial court rules on the question of whether the peremptory was exercised in a discriminatory manner, the preliminary issue of whether the defendant made a *prima facie* case of discrimination is moot. *See Hernandez v. New York,* 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). What remains for review is the question of whether the prosecution's stated reasons were pretextual. *See Brown,* 352 F.3d at 660.

■ A trial judge has broad discretion in determining whether the prosecution's stated reasons for exercising a peremptory challenge are legitimate or pretextual. *See Miller–El v. Cockrell,* 537 U.S. 322, 339, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Deference is appropriate because a pretextual determination will often hinge on the trial judge's observation of the challenged juror, the overall voir dire proceedings, and the prosecutor's credibility—criteria that are exceptionally difficult to review on a written transcript of voir dire questioning. *See id.*

■ In the present case, the prosecutor stated that he challenged one juror because she did not look at him or at the trial judge during voir dire questioning and was the only person on the 16–member venire panel who provided one-word answers to questions. (Tr. at Jury Selection 128.) Wells provides a statistical analysis of the answers of all the potential jurors on that venire panel which reveals that not only was the juror in question not the only juror who provided one-word answers, but that seven potential jurors provided a larger percentage of one-word answers to questions than the stricken juror did. Wells may be correct in his statistics, but the juror's alleged verbal reticence was only one of the two reasons the prosecutor offered for challenging her. Because the record does not reflect the demeanor of the juror, the Court must rely on the observations of the Trial Court, who accepted as a legitimate reason for challenging the juror the prosecutor's statement that the juror did not look at him or at the judge during questioning. This Court has no basis on which to disagree with the Trial Court's conclusion.

■ The prosecutor's proffered reason for striking the other juror at issue was that she did not adequately answer a question he asked her regarding her ability to render a guilty verdict despite the lack of eyewitness testimony in the case. (Tr. at Jury Selection 93–95, 128–29.) The prosecutor asked the potential juror slightly modified versions of the question three times in a row, and after each question the juror essentially responded that she would have to "weigh everything that's presented

in front of me before I make that decision." (Tr. at Jury Selection 94.) Wells argues that the juror's repeated answer that she would need to consider all of the evidence before rendering a verdict demonstrated her fitness to be a juror rather than her evasiveness. The juror's recognition of the need to consider all the evidence presented is commendable. The prosecutor, however, was asking a specific hypothetical question about the juror's ability to render a guilty verdict in the absence of eyewitness evidence, because the prosecutor knew that no eyewitness evidence would be presented in the case. The juror's nonresponsiveness to that specific question provided a non-pretextual ground on which to exercise a peremptory challenge.

The prosecutor asked the question about the lack of eyewitness testimony to the entire jury panel generally, and then singled out several prospective jurors to question on this issue in more detail. Although the record does not reflect this, Wells argues and the State does not deny that the prosecutor specifically directed the hypothetical question about the absence of eyewitness testimony only to the African–American and Hispanic women on the venire panel. Assuming this is true, it is arguably suspicious, but the Court must assume that the trial judge considered that pattern of questioning when deciding the credibility of the prosecutor's proffered reasons for exercising the two peremptory challenges. Accordingly, the Court finds that the reasons the prosecutor offered for exercising the two peremptory challenges at issue were not pretextual.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the petition of Curtis Wells, Jr. ("Wells") for a writ of habeas corpus is denied.

Because Wells has not made a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107 (2d Cir.2000).

The Clerk of Court is directed to close this case.

**SO ORDERED.**