■ In the Matter of JOHN HOWELL et al., Respondents, v CORASTOR HOLDING COMPANY, INC., Appellant. [791 NYS2d 655]—

In a proceeding pursuant to CPLR article 75 to compel

arbitration, Corastor Holding Company, Inc., appeals from an order of the Supreme Court, Queens County (Hart, J.), which, inter alia, granted the petition, granted the petitioner's motion to stay certain landlord/tenant proceedings pending in the Civil Court of the City of New York, Queens County, denied that branch of its cross motion which was to stay arbitration, and referred to the arbitrators that branch of its cross motion which was to direct the petitioners to pay interim rent pending resolution of this proceeding, or any arbitration or summary proceeding in this matter.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the motion to stay certain landlord/tenant proceedings pending in the Civil Court of the City of New York, Queens County, is denied, the stay is vacated, that branch of the cross motion which was to stay arbitration is granted, arbitration is stayed, and that branch of the cross motion which was to direct the petitioners to pay interim rent is denied without prejudice to renewal in the Civil Court of the City of New York, Queens County.

"[A] party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes' " (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984], quoting *Schubtex, Inc. v Allen Snyder, Inc.*, 49 NY2d 1, 6 [1979]; *see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 10 AD3d 671 [2004]; *Matter of Sullivan County Radiological Assoc. v Greene*, 254 AD2d 425 [1998]). The agreement to arbitrate must be clear, explicit, and unequivocal (*see Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 512 [1977]; *Matter of Zilberberg & Assoc. v Rosner*, 292 AD2d 533 [2002]; *Matter of Ohr Torah Inst. [Mikhailov]*, 276 AD2d 634 [2000]), and must not depend upon implication or subtlety (*see Matter of Waldron [Goddess], supra*). The petitioners failed to affirmatively establish that the parties entered into an explicit and unequivocal agreement to arbitrate their dispute (*see Matter of Ohr Torah Inst. [Mikhailov], supra; Matter of Sullivan County Radiological Assoc. v Greene, supra*). Thus, the appellant cannot be compelled to submit to arbitration (*see Matter of Zilberberg & Assoc. v Rosner, supra*).

Since we are denying the petition to compel arbitration, there is no basis for an award of interim rent or use and occupancy (*see* CPLR 7502 [c]). Accordingly, that branch of the appellant's motion which was to direct the petitioners to pay interim rent is denied without prejudice to renewal in the Civil Court of the

City of New York, Queens County. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.