In the Matter of the Estate of ARTHUR MILLER, Deceased. JONAS MILLER, Respondent; ROSARIO BAIATA et al., Appellants. [835 NYS2d 728]—

In a probate proceeding, inter alia, in which Jonas Miller petitioned pursuant to SCPA 2103 to discover property withheld from the estate of Arthur Miller, Rosario Baiata, 148th Avenue Realty Corp., 17 Leaward Lane, LLC, and Beneficial Development Corp., appeal from an order of the Surrogate's Court, Queens County (Nahman, S.), dated December 15, 2005, which granted the petitioner's motion to stay arbitration of claims related to certain promissory notes, and denied their cross motion to compel arbitration of those claims.

Ordered that the order is affirmed, with costs.

Arbitration is favored in New York state as a means of resolving disputes, and courts interfere as little as possible with agreements to arbitrate (*see Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49 [1997]; *Dazco Heating & A.C. Corp.*

*v C.B.C. Indus.*, 225 AD2d 578, 579 [1996]). There is, however, a substantial countervailing consideration: "by agreeing to arbitrate a party waives in large part many of his normal rights under the procedural and substantive law of the State" (*Matter of Marlene Indus. Corp. [Carnac Textiles]*, 45 NY2d 327, 333-334 [1978]). For that reason, "a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes' " (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984], quoting *Schubtex, Inc. v Allen Snyder, Inc.*, 49 NY2d 1, 6 [1979]; *see TNS Holdings v MKI Sec. Corp.* 92 NY2d 335, 339 [1998]). "The agreement must be clear, explicit and unequivocal" (*Matter of Waldron [Goddess]*, supra at 183; *see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]).

This appeal concerns two partnership agreements, to which only Arthur Miller (hereinafter the decedent) and Rosario Baiata were parties. The parties entered into the partnership agreements in their individual capacities and the agreements contained broad arbitration clauses. More than one year after the partnership agreements were executed, four promissory notes were signed. The payee on all of the notes was the decedent, and the obligors were 17 Leaward Lane, LLC (hereinafter Leaward Lane), on two of the notes, and 148th Avenue Realty Corp. (hereinafter 148th Realty), on the other two. Baiata had an ownership interest in both Leaward Lane and 148th Realty, and he signed three of the notes as "president" of those entities. Leaward Lane and 148th Realty, however, were not parties to the partnership agreements containing the arbitration clause.

Contrary to the appellants' contention, the arbitration clauses contained in the partnership agreements between Baiata and the decedent do not apply to claims regarding the promissory notes between the decedent and Leaward Lane and 148th Realty. The appellants failed to affirmatively establish that the decedent agreed to arbitrate claims regarding the promissory notes. Under the circumstances of this case, Leaward Lane and 148th Realty are not entitled to the benefit of the arbitration clauses in the partnership agreements to which they were not parties (*see Matter of Waldron [Goddess]*, supra at 185; *Greater N.Y. Mut. Ins. Co. v Rankin*, 298 AD2d 263 [2002]; *Matter of H.I.G. Capital Mgt. v Ligator*, 233 AD2d 270 [1996]; *County of Onondaga v U.S. Sprint Communications Co.*, 192 AD2d 1108, 1109 [1993]). Consequently, as the Surrogate's Court properly

determined, the petitioner, as executor of the decedent's estate, may not be compelled to arbitrate claims on those notes.

The appellants' remaining contentions are without merit. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.