■ HARESH D. SHAH et al., Appellants, v MONPAT CONSTRUCTION, INC., et al., Respondents, et al., Defendants. [884 NYS2d 116]—

In an action, inter alia, to permanently enjoin arbitration and to recover damages for breach of contract, the plaintiffs appeal

from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated September 16, 2008, as denied that branch of their motion which was to preliminarily enjoin the defendant Monpat Construction, Inc., from proceeding with the arbitration of a claim against the plaintiff Haresh D. Shah under a contract dated March 15, 2001, and granted that branch of the cross motion of the defendants Monpat Construction, Inc., RB Construction Management Corp., and Mihir B. Patel, which was pursuant to CPLR 7503 (c) to compel the plaintiffs to submit their claim against the defendants RB Construction Management Corp. and Mihir B. Patel to arbitration and stay all proceedings in the action pending arbitration.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants Monpat Construction, Inc., RB Construction Management Corp., and Mihir B. Patel, which was to compel the plaintiffs to submit their claim against the defendants RB Construction Management Corp. and Mihir B. Patel to arbitration and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The individual plaintiff, Haresh D. Shah, a dentist, owned a property in the Glen Oaks section of Queens on which he wanted to construct a building. One of Dr. Shah's patients, the individual defendant, Mihir B. Patel, owned a construction company, the defendant Monpat Construction, Inc. (hereinafter Monpat). In March 2001, Shah and Patel (as the representative of Monpat) signed an agreement that provided for construction of the building Shah envisioned. The agreement expressly incorporated by reference and enumeration various other documents, one of which, "General Conditions of the Contract for Construction, AIA Document A201-1997" (hereinafter document A201-1997) contained a broad arbitration provision, and, together, the agreement and the other documents formed the contract (hereinafter the written contract).

Construction was delayed for reasons as to which the parties do not agree. In early 2002, Shah and Patel agreed that the building would be constructed by the defendant RB Construction Management Corp. (hereinafter RB), a construction company that had been formed by Patel's wife. The parties disagree about whether the written contract was abandoned and replaced by an oral agreement between Shah and RB and Patel, or whether it continued in full force and effect, with the only difference being that RB would perform the work. The building was constructed and most of the contract price was paid, but there were disputes about various issues.

Monpat filed a demand for arbitration dated April 28, 2008, under the written contract. In July 2008, Shah and the two other plaintiffs, Glen Oaks Medical Building, LLC, and Glen Oaks Building Corp., commenced this action, inter alia, to permanently enjoin the arbitration brought against Shah by Monpat, to recover damages against RB and Patel for breach of the alleged oral agreement, and for a declaration that there was no agreement to arbitrate and that Monpat abandoned the written contract. The plaintiffs named as defendants Patel, Monpat, and RB (hereinafter collectively the defendants), as well as the American Arbitration Association (hereinafter the AAA) and an officer and a case manager of the AAA. The complaint, insofar as asserted against the AAA and its officer and case manager, has been dismissed.

The plaintiffs moved, inter alia, to preliminarily enjoin the arbitration brought against Shah by Monpat, and the defendants cross-moved, among other things, to compel arbitration of all claims. In the order appealed from, the court, among other things, granted that branch of the defendants' cross motion which was to compel arbitration of all claims, and denied that branch of the plaintiffs' motion which was for a preliminary injunction. The plaintiffs appeal, and we modify.

Arbitration is favored in New York State as a means of resolving disputes, and courts should interfere as little as possible with agreements to arbitrate (*see Matter of Smith Barney Shearson v Sacharow,* 91 NY2d 39, 49 [1997]; *Matter of Miller,* 40 AD3d 861, 861-862 [2007]). There is a substantial countervailing consideration as well: "by agreeing to arbitrate a party waives in large part many of his normal rights under the procedural and substantive law of the State" (*Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 333-334 [1978]; *see Matter of Miller,* 40 AD3d at 862). For that reason, "a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes' " (*Matter of Waldron [Goddess],* 61 NY2d 181, 183 [1984], quoting *Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1, 6 [1979]; *see TNS Holdings v MKI Sec. Corp.* 92 NY2d 335, 339 [1998]; *Matter of Miller,* 40 AD3d at 862). "The agreement must be clear, explicit and unequivocal" (*Matter of Waldron [Goddess],* 61 NY2d at 183; *see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP,* 6 NY3d 371, 374 [2006]; *Matter of Miller,* 40 AD3d at 862). Once the court has determined the threshold issues of the existence of a valid agreement to arbitrate, that the party seeking arbitration

has complied with the agreement, and that the claim sought to be arbitrated would not be time-barred were it asserted in state court (*see* CPLR 7502 [b]; *Matter of Smith Barney, Harris Upham & Co. v Luckie,* 85 NY2d 193, 201-202), the remaining issues are for the arbitrator.

Here, the written contract was clear, explicit, and unequivocal and established a valid agreement to arbitrate. The agreement expressly adopted document A201-1997 by reference, in effect, listed it as one of the "Contract Documents" in article 1, enumerated it as one of the "Contract Documents" in article 8, and referred to it by document number throughout. Consequently, the arbitration provisions included in document A201-1997 are part of the written contract (*see Matter of Level Export Corp. [Wolz, Aiken & Co.],* 305 NY 82, 87 [1953]). Shah's contention that he never received document A201-1997 is unavailing, and his ignorance of its provisions must be attributed to " 'negligence or inexcusable trustfulness' " (*Matter of Level Export Corp. [Wolz, Aiken & Co.],* 305 NY 82, 87 [1953], quoting *Metzger v Aetna Ins. Co.,* 227 NY 411, 416 [1920]).

The plaintiffs did not contend in the Supreme Court, either in support of their motion to stay arbitration or in opposition to the defendants' motion to compel arbitration, that Monpat had not complied with conditions precedent to arbitration. Consequently, that issue is not properly before us (*see Matter of New York Cent. Mut. Fire Ins. Co. v Daley,* 273 AD2d 315 [2000]; *Matter of County of Suffolk v Faculty Assn. of Suffolk County Community Coll.,* 247 AD2d 472 [1998]). Indeed, had the issue been raised in the Supreme Court, Monpat may have been able to present evidence that it had in fact complied with conditions precedent (*see Matter of New York Cent. Mut. Fire Ins. Co. v Daley,* 273 AD2d 315 [2000]; *cf. Misicki v Caradonna,* 12 NY3d 511 [2009]; *Weiner v MKVII-Westchester,* 292 AD2d 597, 598 [2002]).

In general, where there is a broad arbitration clause, any issue with respect to changes in the substantive provisions of a contract or its termination are to be resolved by the arbitrator, unless the modification or termination relates to the arbitration clause itself (*see Matter of Cassone,* 63 NY2d 756, 759 [1984]; *Matter of All Metro Health Care Servs. Inc., v Edwards,* 57 AD3d 892 [2008]; *Matter of Meetze [La Belle],* 295 AD2d 991, 992 [2002]; *Matter of Cantor Fitzgerald, L.P. [Ginsberg],* 228 AD2d 591 [1996]). Here, the plaintiffs' contention that the written contract was abandoned was not directly related to the arbitration provisions, so the issue of abandonment should be left for the arbitrator. The issue of the statute of limitations is so inter-

twined with the parties' substantive contentions and the contentions regarding abandonment that the issue of the statute of limitations should be left to the arbitrator (*see Matter of Corbo v Les Chateau Assoc.*, 127 AD2d 657, 658 [1987]). As well, issues regarding proper service of the demand for arbitration should be determined by the arbitrator (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8 [1980]; *Cooper v Bruckner*, 21 AD3d 758, 759 [2005]; *J. Castronovo, Inc. v Hillside Dev. Corp.*, 140 AD2d 585 [1988]).

Finally, the written contract was between Shah and Monpat, and there is no clear evidence that the plaintiffs ever agreed to arbitrate any disputes with Patel and RB. Consequently, the Supreme Court should not have compelled the plaintiffs to arbitrate their claims against those defendants (*see Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621, 623 [2009]). Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.