NOEL DEAN, Respondent, v HARVESTIME TABERNACLE UNITED PENTECOSTAL CHURCH INTERNATIONAL et al., Appellants. [913 NYS2d 707]—

In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated October 21, 2009, as denied their motion pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint insofar as asserted against the defendant Wayne Byrd and, in effect, pursuant to CPLR 7503 (a) to compel arbitration and stay the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Article 7, section 2, of the by-laws of the Harvestime Tabernacle United Pentecostal Church (hereinafter the church) provides, in part, that "any . . . claim . . . not resolved in accordance with Matthew 18, by or between any member of the . . . church . . . [or] any person *having once been* a member [of the church] shall be decided by mediation, and if mediation is

unsuccessful, by binding arbitration" (emphasis supplied). The by-laws further provide that "if no procedure is provided [by the church]," the arbitration "shall be conducted in accordance with rules established . . . by the Christian Freedom Foundation, by the Christian Conciliation Service or by the American Arbitration Association."

The plaintiff (hereinafter Dean) commenced this action to recover damages against the church and its pastor, Wayne Byrd (hereinafter Byrd), alleging that the church and Byrd (hereinafter together the defendants) breached a contract for the renovation of certain premises. The defendants moved pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint, and, in effect, pursuant to CPLR 7503 (a) to compel arbitration and stay the action. In support of the motion, the defendants submitted Byrd's affidavit, in which he asserted that Dean had been a member of the church until August 2008. The defendants argued that Dean, although no longer a member of the church, is bound by the arbitration agreement since the dispute itself arose during the time when Dean was still a member of the church. The defendants further argued that, as a consequence, Dean was compelled to arbitrate his claim in accordance with the procedure outlined in the church's by-laws. The Supreme Court denied the motion, and we affirm.

Although members of an organization entering into a contract with the organization may be bound by duly enacted organizational by-laws compelling arbitration, (see Matter of Willard Alexander, Inc. [Glasser], 31 NY2d 270 [1972], cert denied 410 US 983 [1973]), the cases cited by the defendants deal only with arbitration provisions that are specifically limited to disputes arising in connection with the operation and internal procedures of the organization (see Matter of Koppel [Koppel], 52 AD2d 676 [1976] [compelling arbitration between bondholders in a dispute arising out of bond ownership]; Matter of Willard Alexander, Inc. [Glasser], 31 NY2d at 271 [compelling arbitration arising out of a performance contract between a booking agent and an orchestra leader]).

Moreover, a party will not be compelled to arbitrate absent a clear, explicit, and unequivocal agreement to do so (see Matter of Waldron [Goddess], 61 NY2d 181, 183 [1984]). The arbitration provision at issue here encompasses "any dispute, claim, demand [or] disagreement, of any kind or nature," furnishes no direction as to just how, or before whom, one might attempt to resolve a dispute "in accordance with Matthew 18," provides no instruction as to how, or before whom, the referenced "mediation" is to be conducted, fails to establish whether the type of

dispute to be arbitrated is limited to either temporal or spiritual disputes or extends to both, and purports to apply to former members who have since left the church. Therefore, the provision is so unclear and equivocal as to be unenforceable (*see Matter of Miller*, 40 AD3d 861 [2007]; *Marek v Laufer & Son*, 257 AD2d 363 [1999]).

Dean correctly asserts that the construction contract between the church and him was a temporal matter, and not a spiritual one. The defendants failed to establish that the parties entered into an explicit and unequivocal agreement to arbitrate this particular type of dispute. Based upon the overbroad scope of the arbitration agreement, the defendants failed to establish that the arbitration clause applies not only to religious matters, but temporal matters as well (*see Shah v Monpat Constr., Inc.*, 65 AD3d 541 [2009]; *Matter of Howell v Corastor Holding Co., Inc.*, 16 AD3d 585 [2005]). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were, in effect, pursuant to CPLR 7503 (a) to compel arbitration and stay the action.

Furthermore, contrary to the defendants' contentions, the Supreme Court did not err in denying that branch of their motion which was pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint insofar as asserted against Byrd, since the documentary evidence submitted with the motion did not conclusively establish Byrd's defense to the action, and Byrd did not establish, prima facie, that Dean lacked standing or capacity to sue. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.