CRI 11 Howard St. LLC v Soho Hotel Owner LLC

2026 NY Slip Op 50570(U)

April 23, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Arbitration—Agreement to Arbitrate—Commercial Lease

CRI 11 Howard Street LLC, Petitioner-Landlord-Respondent.

v

Soho Hotel Owner LLC, Respondent-Tenant-Appellant.

Supreme Court, Appellate Term, First Department

Decided on April 23, 2026

570223/26

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Jeffrey S. Zellan, J.), entered on or about July 23, 2025, which denied its motion to stay this holdover summary proceeding.

[*1]

Per Curiam.

Order (Jeffrey S. Zellan, J.), entered on or about July 23, 2025, affirmed, with $10 costs.

Tenant's motion for a stay of this commercial holdover summary proceeding, based upon allegations that it defaulted in the payment of some $18,000,000 in rent, taxes, and other charges, in favor of a New York County Supreme Court action between the parties is now academic. We take judicial notice that the action commenced by tenant against landlord in the Supreme Court, concerning tenant's "right of first offer" of sale was dismissed in January 2026 (NYSCEF Doc No. 94 in Soho Hotel Owner LLC v CRI 11 Howard St. LLC, Sup Ct, NY County, Jan. 23, 2026, Goetz, J., index No. 650424/25). Accordingly, because the premise of tenant's motion for a stay - the existence of a prior, "first-filed" Supreme Court matter between the parties - has now been eliminated, there are at present no parallel proceedings upon which to base a stay and we therefore affirm the denial of tenant's motion (see Lauria v Kriss, 147 AD3d 575 [2017]).

Nor did tenant demonstrate that the present claims were subject to arbitration. "[A] party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes; ... [t]he agreement must be clear, explicit and unequivocal" (Matter of Miller, 40 AD3d 861, 862 [2007][internal quotation marks and citations omitted]). Here, section 18 of the parties' lease expressly provides that upon any default arising from tenant's failure to pay rent or any other amount due under the lease, landlord may dispossess tenant by summary proceeding.

Section 41(b) of the lease, relied upon by tenant, does not warrant a contrary result. That provision provides that tenant shall prepare and submit to landlord every year an Annual Plan containing, among other things, estimated expenditures for operations and maintenance (41[b][i]), and a forecast of contributions to expenses from a "FF & E [furniture, fixtures and equipment] Reserve Account" (41[b][ii]). It further provides that if the parties do not agree on the [*2]landlord's repair and replacement costs of the Annual Plan, the dispute shall be resolved by arbitration (41[b][iii]). Thus section 41(b) deals with tenant's Annual Plan to operate the hotel, which is not at issue in this proceeding. The lease does not require arbitration of disputes concerning a failure to pay FF & E or otherwise preclude landlord from maintaining this proceeding based upon tenant's defaults, including its failure to pay FF & E funds.

We have considered tenant's remaining arguments and find them unavailing.

All concur.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court

Decision Date: April 23, 2026