OPINION OF THE COURT
Jasen, J.
The significant issue on this appeal is the applicability of this court’s decision in Matter of Marlene Inds. Corp. (Carnac Textiles) (45 NY2d 327) to the arbitration case before us.
Respondent Allen Snyder, Inc., a converter of yarn, had various dealings with petitioner Schubtex, Inc., a jobber, in connection with the sale and purchase of certain synthetic textiles. The orders were taken orally at petitioner’s place of business, typed at respondent’s office on its printed order/ contract form, and mailed to petitioner. The confirmation of order form used in all of these dealings, including the one in controversy, contained the statement that the "contract is subject to the terms on the * * * reverse side hereof, including the provisions for arbitration”.
*5 Pursuant to the terms of the agreement in controversy, respondent shipped some of the textiles to petitioner and requested that the latter assort the remaining goods. Petitioner refused to dp so. A demand for arbitration and notice of intention to arbitrate respondent’s claim for damages arising out of the alleged breach of contract was served upon petitioner, who thereupon sought a stay of arbitration, denying the existence of an express agreement to arbitrate. A temporary stay of arbitration was issued, pending the outcome of a trial which was ordered to resolve the issues of fact involved.
Following trial, Supreme Court determined that a valid agreement to arbitrate was made. The court found that on the basis of the history of the parties’ relationships, petitioner was aware that the agreement to purchase textiles would be subject to the arbitration clause contained in the written confirmation of order and that petitioner "adopted it, accepted it and undertook to be bound by it with full knowledge of its provisions and with full knowledge of the obligations which it entailed.” As a result, Supreme Court vacated the previous stay of arbitration. On appeal, the Appellate Division unanimously affirmed the judgment of Supreme Court, without opinion, but granted leave to appeal to this court. We would reverse.
 Although our scope of review is limited when issues of fact have been resolved by affirmance at the Appellate Division (see Matter of Hofbauer, 47 NY2d 648, 654; Estate of Canale v Binghamton Amusement Co., 37 NY2d 875; CPLR 5501, subd. [b]; see, also, Cohen and Karger, Powers of the New York Court of Appeals, § 108, pp 453-455), such findings are conclusive on this court only if there is evidence in the record to support them. In our opinion, the evidence adduced at trial is insufficient as a matter of law to support a finding of an express agreement to arbitrate.
 In Matter of Marlene Inds. Corp. (Carnac Textiles) (supra), we held that an arbitration clause printed on the back of a written acknowledgment of order was a material alteration of the proposed purchase order and that it, therefore, could not be binding upon the prospective purchaser merely by virtue of the prospective purchaser’s retention, without objection, of the acknowledgment of order form containing the clause. (See Uniform Commercial Code, § 2-207, subd [2], par [b].) The rationale underlying Marlene was that a litigant *6 ought not to be forced into arbitration and, thus, denied the procedural and substantive rights otherwise available in a judicial forum, absent evidence of an express intention to be so bound. In other words, unless it can be shown that the parties contemplated the use of arbitration, they will not be held to have relinquished their right to litigate their disputes in the courts.
 Applying this rule to the case before us, we conclude that there has been no such showing. The trial court, in determining that a valid agreement to arbitrate was made, based its finding solely upon the prior dealings of the parties. Although evidence of a prior course of dealing is relevant in determining whether the parties have agreed to submit their dispute to arbitration and a determination that their oral agreement included a provision for arbitration could in a proper case be implied from a course of past conduct or the custom and practice in the industry, such a determination must be supported by evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes. As the concurring members of the court concede, "evidence of a trade usage or of a prior course of dealings may normally be utilized to supplement the express terms of a contract for the sale of goods” (p 9). We would note also that this doctrine has been held to be applicable to arbitration agreements. (E.g., Matter of Acadia Co. [Edlitz], 7 NY2d 348; Matter of Helen Whiting, Inc. [Trojan Textile Corp.], 307 NY 360.) However, a determination that a written provision for arbitration has, in fact, been incorporated in the oral agreement of the parties in consequence of either trade usage or a prior course of dealings must be supported by evidence in the record. We conclude that there was no such evidence in this case.
Here, in each of the two prior dealings relied upon by the courts below, the only reference to arbitration appears in the written confirmation of order form sent to the buyer after the negotiation of an oral contract. There is no evidence that in their prior dealings the parties ever arbitrated any dispute pursuant to the arbitration clause or that the clause was material in their negotiations. In this situation, as our decision in Marlene clearly indicates, no binding agreement to arbitrate could have arisen. Moreover, inasmuch as the mere retention by the buyer of the form containing the arbitration clause failed to create such an agreement in the first instance, *7 repeated use of the same ineffective form should not be held to have done so in subsequent transactions. Therefore, the trial court’s finding that the prior dealings of the parties created an express agreement to arbitrate is unsupported by the evidence and the stay of arbitration, sought by petitioner, was improperly denied.
Accordingly, the order of the Appellate Division should be reversed, with costs, and petitioner’s application for a stay of arbitration granted. The question certified is not answered as unnecessary.