■ JONES APPAREL GROUP, INC., Appellant, v J. J. PETIT, Respondent.— Order and judgment (one paper), Supreme Court, New York County, entered October 12, 1979, reversed, on the law, and petitioner-appellant's application for permanent stay of arbitration granted, with costs. An order for yarn— the first dealing between these parties—which specified no more than grade, quantity, delivery date, and price, was transmitted orally to respondent-respondent by petitioner-appellant. There followed three documents relating to the transaction sent by respondent to petitioner, covered by identical letters, denominating the enclosures "contracts" and requesting signature and return. Petitioner did neither. Each of the three contained an arbitration clause. When a dispute arose concerning quality of the goods furnished, respondent sought arbitration. Petitioner moved to stay, and Special Term, holding addition of the arbitration provision not to be a material alteration of terms and therefore part of the contract of purchase, denied the application. This fact pattern is evaluated in *Matter of Marlene Inds. Corp. (Carnac Textiles)* (45 NY2d 327, revg this court's holding 59 AD2d 359), and in *Schubtex, Inc. v Allen Snyder, Inc.* (49 NY2d 1). There was no specific agreement to arbitrate nor any past relation between the parties such as conceivably might support a finding of agreement to arbitrate. A vague, unspecific reference by respondent to the effect that "in the textile industry arbitration is the usual accepted method of resolving disputes" is not an acceptable substitute for the latter. This is not to say that there could not be a case in which a direction to arbitrate could be founded upon proof of custom and usage of sufficient strength to bind a whole industry. But this is not that case. (See Professor Siegel's Note, *Schubtex*, NYS Law Digest, No. 242, Feb., 1980.) Concur—Birns, Ross and Markewich, JJ.

Kupferman, J. P., and Sandler, J., dissent in part in a memorandum by Sandler, J., as follows: I am in general agreement with the court's analysis. However, rather than dispose of the issue on the present record, I would remand to permit both parties to address more completely the issue of whether arbitration is the prevailing practice and custom in the textile industry. In an affidavit submitted at Special Term, respondent's officer stated without contradiction that "in the textile industry arbitration is the usual accepted method of resolving disputes and that purchase contracts almost invariably contain an arbitration clause" and that petitioner and its employee were well aware of that fact. This question, most likely not perceived as critical by the parties when the matter was presented at Special Term, assumed significance when a majority of the Court of Appeals in *Schubtex, Inc. v Allen Snyder, Inc.* (49 NY2d, 1, 6), apparently adopted the view that an agreement to arbitrate could in a proper case be implied from evidence that arbitration was the custom and practice in the industry. On facts quite similar to those presented here, the Court of Appeals held in *Schubtex* that an arbitration clause in a written confirmation was a material alteration of a prior oral agreement and therefore could not be binding upon the prospective purchaser merely by virtue of the purchaser's retention, without objection of the confirmation. (See Uniform Commercial Code, § 2-207, subd [2], par [b].) The court further held (p 6) that a course of dealings sufficient to find an agreement to arbitrate could not be inferred from two prior transactions in which a similar confirmation form had been

retained without objection where there was no evidence "that in their prior dealings the parties ever arbitrated any dispute pursuant to the arbitration clause or that the clause was material in their negotiations." However, the court went on to address the question presented here in the following language (p 6): "Although evidence of a prior course of dealing is relevant in determining whether the parties have agreed to submit their dispute to arbitration and a determination that their oral agreement included a provision for arbitration could in a proper case be implied from a course of past conduct or the custom and practice in the industry, such a determination must be supported by evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes. As the concurring members of the court concede, 'evidence of a trade usage or of a prior course of dealings may normally be utilized to supplement the express terms of a contract for the sale of goods' (p 9). We would note also that this doctrine has been held to be applicable to arbitration agreements. (E.g., *Matter of Acadia Co [Edlitz]*, 7 NY2d 348; *Matter of Helen Whiting Inc. [Trojan Textile Corp.]*, 307 NY 360.) However, a determination that a written provision for arbitration has, in fact, been incorporated in the oral agreement of the parties in consequence of either trade usage or a prior course of dealings must be supported by evidence in the record. We conclude that there was no such evidence in this case." Any doubt as to the import of this passage seems to me to have been dispelled by the construction placed on it by the three Judges who concurred in the result, a construction that was in effect accepted as accurate by the majority in the latter sentences in the above quotation. In the concurring opinion, Judge Gabrielli wrote (pp 8, 11): "I strongly disagree with the majority's suggestion that the existence of an arbitration agreement could 'in a proper case be implied from a course of past conduct or the custom and practice in the industry' (p 6) despite the absence of an express agreement to arbitrate * * * We have never held that the existence of an arbitration clause may be implied in the absence of proof of an express agreement, and I cannot concur in the majority's decision to adopt such a rule today." Notwithstanding the apparent meaning of the majority opinion, I do not think the issue here should be disposed of on the papers submitted at Special Term, since neither party could have then anticipated the significance that would be attached in *Schubtex* to evidence that arbitration was the custom and practice in an industry. I agree with the court that the general statements in respondent's affidavit may not be of sufficient evidentiary quality, even though not controverted, to support a finding of a general trade usage in the industry. Rather than deny respondent the arbitration to which it may well be entitled in view of *Schubtex,* it would seem to me the wiser course to permit respondent an opportunity to present further documentation with regard to the alleged trade usage as well as with regard to petitioner's claimed knowledge of it. In this connection, it may be noted that in *Matter of Helen Whiting, Inc. (Trojan Textile Corp.)* (307 NY 360, 367) decided in 1954, the Court of Appeals observed that: "From our own experience, we can almost take judicial notice that arbitration clauses are commonly used in the textile industry". Petitioner also should be given an opportunity to offer evidence as to the existence of trade usage, and perhaps even more important, its alleged knowledge of that usage. Accordingly, I would modify the judgment below to vacate Special Term's denial of the application for a stay of arbitration and remand to permit both parties an opportunity to submit further evidence on the issue in light of the majority opinion in *Schubtex.*