■ RAAM FABRICS, INC., Appellant, v ROBERT R. SCOTT CORP., Respondent. — Judgment of the Supreme Court, New York County (Grossman, J.) entered January 22, 1982, which denied petitioner's application to stay arbitration, unanimously reversed, on the law, without costs, and the application to stay arbitration is granted. Both appellant and respondent are engaged in the business of textile converting. During the fall of 1981, respondent Robert R. Scott Corporation, desiring to sell approximately 25,000 yards of polyester pongee, procured the services of various brokers, including Shelfab International, Inc., to arrange for the transaction. Thereafter, Shelfab entered into discussions with the appellant, Raam Fabrics, Inc., and an oral agreement was made whereby appellant would purchase the goods in question from the respondent. Upon conclusion of the deal, Shelfab issued to both parties a sales note, dated September 24, 1981, which purported to confirm the agreement. At the very bottom of the sales note, a form document routinely used by Shelfab, there appears in small type an arbitration clause. It is undisputed that Raam Fabrics never signed the sales note and also that in the conversations between appellant and Shelfab, the issue of arbitration was never raised. In fact, the order was claimed to have been canceled on the same day that it was placed. After the respondent commenced an arbitration proceeding against Raam Fabrics for allegedly wrongfully canceling the contract, the appellant moved to stay arbitration on the ground that the parties never entered into a valid arbitration agreement. Special Term, in denying the motion, stated that by attempting to cancel the order, Raam Fabrics had admitted the existence of a contract and was, therefore, bound by the arbitration clause contained therein. However, the court's decision is contrary to the holding of both *Schubtex, Inc. v Allen Snyder, Inc.* (49 NY2d 1), and *Matter of Marlene Inds. Corp. (Carnac Textiles)*, (45 NY2d 327), wherein the Court of Appeals concluded that an arbitration clause printed on a written acknowledgment of an order constituted a material alteration of that proposed order. Thus, absent evidence of an express intention by the parties to resort to arbitration, they will not be deemed to have obligated themselves thereto. Clearly, under the facts of the instant case, Raam Fabrics never consented to arbitration. The subject was never even raised during the negotiations for the sale and there is no showing that it was within the scope of Shelfab's authority. In addition Scott does not show a pattern of past conduct nor does the custom and practice in the industry indicate an implied agreement to arbitrate. Concur — Murphy, P. J., Sandler, Carro, Silverman and Milonas, JJ.

■ AUTOMOBILE CLUB OF NEW YORK, INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants. In the Matter of the METROPOLITAN GARAGE OWNERS ASSOCIATION, INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants. — Two judgments, Supreme Court, New York County (Dier, J.), entered on July 13, 1981 and July 15, 1981, respectively, unanimously affirmed, without costs and without disbursements, for reasons stated by Dier, J., at Trial Term. Concur — Kupferman, J. P., Sullivan, Ross and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL NAVARRO, Appellant, v WARDEN et al., Respondents. — Judgment, Supreme Court, Bronx County (Hecht, J.) dated April 30, 1982 and entered on May 6, 1982, unanimously affirmed, without costs and without disbursements. The appeal from the judgment of said court entered on March 15, 1982 is dismissed as said appeal was subsumed in the appeal from the aforesaid judgment. No opinion. Concur — Ross, J. P., Carro, Markewich, Lupiano and Fein, JJ.