■ In the Matter of the Arbitration between BOUTIQUE INDUSTRIES, INC., Respondent, and FAIR-TEX MILLS, INC., Appellant. — Order of the Supreme Court, New York County (H. Williams, J.), entered April 19, 1982, granting petitioner Boutique Industries, Inc.'s application to stay arbitration only to the extent of directing a trial on the issues of whether the parties entered into a valid agreement or agreements to arbitrate under three contracts, unanimously reversed, on the law and facts, the application by petitioner for a stay of arbitration is denied and the petition is dismissed, with costs. Petitioner buyer, Boutique, placed three oral orders for fabric from respondent-appellant, Fair-Tex. Two of these orders were placed on April 30, 1981, one for an off-white and the other a red fabric. In confirmation of these oral orders, Fair-Tex sent sales contracts, the reverse side of both containing a broad provision for the arbitration of "[a]ny controversy arising out of or relating to this contract". Boutique did not sign or return these nor object to them or any of the terms. In addition, Boutique accepted shipment of the red fabric sent pursuant to the second contract. On May 15, 1981, Boutique ordered some grey fabric. The sales contract which Fair-Tex sent in confirmation of that order, identical to the other two contracts, was signed by Boutique and returned to Fair-Tex. Subsequently Fair-Tex shipped the off-white fabric on the first order, but Boutique refused it. Fair-Tex then demanded arbitration and Boutique commenced the instant petition to stay arbitration. One of the contracts herein was signed by Boutique. Significantly, these three contracts in tandem present a pattern of agreement. Of course, each contains an arbitration clause. All are between the same parties, all three contain credit terms of net 60 days, all three contain the identical delivery instructions, and all three were prepared within a 15-day period of time. "[A] determination that a written provision for arbitration has, in fact, been incorporated in the oral agreement of the parties in consequence of either trade usage or a prior course of dealings must be supported by evidence in the record" (*Schubtex, Inc. v Allen Snyder, Inc.*, 49 NY2d 1, 6). Boutique manifested its agreement to arbitrate by signing the third contract containing the arbitration clause and accepting delivery of the goods sent by Fair-Tex upon the second confirmation, without objecting to any of the terms of the confirmations, including the arbitration clause. (See Uniform Commercial Code, § 2-204, subd [1]; *Schubtex, Inc. v Allen Snyder, Inc., supra.*) The reliance of Boutique on *Matter of Marlene Inds. Corp. (Carnac Textiles)* (45 NY2d 327), is misplaced under the factual pattern of this case. "There, contradictory contract forms were exchanged between the parties; neither party had signed the other's form and no evidence existed that the recipient of the contract containing the arbitration clause was aware of its presence or had agreed to arbitrate." (*Michel & Co. v Anabasis Trade,* 50 NY2d 951, 952.) Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.