■ Civil Service Employees Association, Inc., et al., Respondents, v Plainedge Union Free School District et al., Appellants. [786 NYS2d 59]—

In an action, inter alia, for a judgment declaring that the defendants breached a collective bargaining agreement, the defendants appeal from an order of the Supreme Court, Nassau County (Covello, J.), entered July 7, 2003, which granted the plaintiffs' motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant breached the collective bargaining agreement.

This dispute arises out of a collective bargaining agreement. The plaintiff, Civil Service Employees Association, Inc. (hereinafter CSEA), is the exclusive bargaining unit for the clerical workers employed by the defendants Plainedge Union Free School District and Plainedge Union Free School District Board of Education. In June 2000 the parties entered into an agreement providing for a four-day work week during the summer months of July and August. The agreement further provided, inter alia, that during the 2000 summer only, vacation days would be calculated at a rate of "1¼ days per vacation days taken."

In the fall of 2000, the parties entered into an agreement (hereinafter the collective bargaining agreement) for the new contract period of July 1, 2000, to June 30, 2004, which provided, among other things, for a continuation of the four-day work week in the summer. It also provided that certain full-time employees, depending upon length of service, were entitled to "ten (10) working days" or "fifteen (15) working days" of paid vacation time. No reference was made to the calculation of vacation days taken during the summer four-day work week.

In May 2001 the defendants circulated a memorandum indicating that vacation days in July and August were to be calculated as 1¼ days as had been the case the prior summer. CSEA claimed that the defendants' action constituted a breach of the collective bargaining agreement and instituted a grievance pursuant to its terms.

The parties complied with the lower steps of the grievance

procedure contained in the collective bargaining agreement, and ultimately agreed to have the grievance adjudicated in nonbinding arbitration. In a decision dated February 26, 2002, the arbitrator, inter alia, determined that the defendants violated the collective bargaining agreement and issued an advisory award. By resolution dated March 14, 2002, the defendants rejected the arbitrator's advisory award. CSEA commenced this action, among other things, for a judgment declaring that the defendants breached the collective bargaining agreement. The Supreme Court granted CSEA's motion for summary judgment on the complaint. We affirm.

The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent (*see Slatt v Slatt,* 64 NY2d 966, 967 [1985]). "The best evidence of what parties to a written agreement intend is what they say in their writing" (*Slamow v Del Col,* 79 NY2d 1016, 1018 [1992]). Thus, a written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms (*see Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]; *R/S Assoc. v New York Job Dev. Auth.,* 98 NY2d 29, 32 [2002]; *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]).

There is no support in the record for the defendants' argument that summer vacation days were to be calculated at a rate of 1¼ days for each vacation day taken. The defendants had the opportunity to include in the collective bargaining agreement any provisions they thought were necessary to protect their rights. The fact that they failed to do so does not warrant after-the-fact judicial modification to add the language they neglected to include. Since the collective bargaining agreement was negotiated by experienced negotiating personnel "there is no basis 'to interpret an agreement as impliedly stating something which the parties have neglected to specifically include' " (*425 Fifth Ave. Realty Assoc. v Yeshiva Univ.,* 228 AD2d 178 [1996], quoting *Rowe v Great Atl. & Pac. Tea Co.,* 46 NY2d 62, 72 [1978]).

The defendants' remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.