■ Royal Sun Alliance Insurance Company, Appellant, v Travelers Insurance Company et al., Respondents, et al., Defendant. [791 NYS2d 117]—

In an action for a judgment declaring that the defendant Travelers Insurance Company is obligated to indemnify the defendant Structure Tone, Inc., in an action entitled *Nieves v Structure Tone,* commenced in the Supreme Court, Kings County, under index No. 3108/99, after the plaintiff's $1 million primary policy is exhausted and before the plaintiff's $6 million policy is applied, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 9, 2003, which denied its motion for summary judgment and granted the cross motion of the defendant Travelers Insurance Company for summary judgment.

Ordered that the order is affirmed, with one bill of costs payable to the defendants Travelers Insurance Company and Structure Tone, Inc., and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant Travelers Insurance Company is not obligated to indemnify the defendant Structure Tone, Inc., in an action entitled *Nieves v Structure Tone,* commenced in the Supreme Court, Kings County, under index No. 3108/99 until after the plaintiff's $1 million primary policy is exhausted and after the plaintiff's $6 million policy is exhausted.

Where the terms of an agreement are clear and unambiguous, the agreement should be enforced according to the plain meaning of its terms without the need to examine extrinsic evidence to determine the parties' intent (*see Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]). Here, the plaintiff expressly agreed to "fully defend [Travelers Insurance Company's insured] and to fully indemnify [it] without any reservation, to the limit of the applicable insurance coverage" in connection

with the underlying personal injury action. The plaintiff had issued a general liability policy and an umbrella policy, both of which were applicable to the underlying action. The unambiguous terms of the agreement indicate that the plaintiff intended to have its policies exhausted before resorting to the policy issued by the defendant Travelers Insurance Company to the defendant Structure Tone, Inc., covering the same occurrence. Thus, Travelers Insurance Company made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise an issue of fact.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant Travelers Insurance Company is not obligated to indemnify the defendant Structure Tone, Inc., in an action entitled *Nieves v Structure Tone,* commenced in the Supreme Court, Kings County, under Index No. 3108/99 until after the plaintiff's $1 million primary policy is exhausted and after the plaintiff's $6 million policy is exhausted (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.