■ BOROVINA & MARULLO, PLLC, Respondent, v STRUCTURED ASSETS SALES GROUP, LLC, Appellant. [792 NYS2d 356]—

In an action to recover unpaid legal fees, the defendant ap-

peals from an order of the Supreme Court, Suffolk County (Costello, J.), dated March 11, 2004, which denied its motion to compel arbitration.

Ordered that the order is affirmed, with costs.

A written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms (see *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Civil Serv. Empls. Assn., Inc. v Plainedge Union Free School Dist.*, 12 AD3d 395 [2004]). The relevant provisions of the subject written agreement and the rider annexed thereto provide that the right to seek arbitration to resolve fee disputes is "pursuant to court rules," referring to the Rules of the Chief Administrator of the Courts (22 NYCRR part 137). Part 137 of the Rules of the Chief Administrator of the Courts, which establishes the New York State Fee Dispute Resolution Program, "shall not apply" where, as here, the amounts in dispute involve a sum of "more than $50,000" (22 NYCRR 137.1 [b] [2]). Accordingly, the Supreme Court properly denied the defendant's motion to compel arbitration. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.