WILLOUGHBY REHABILITATION AND HEALTH CARE CENTER, LLC, et al., Respondents, v HELEN WEBSTER, Appellant. [818 NYS2d 590]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Nassau County (Austin J.), entered April 21, 2005, which denied her motion to compel arbitration.

Ordered that the order is affirmed, with costs.

"Where the terms of an agreement are clear and unambiguous, the agreement should be enforced according to the plain meaning of its terms without the need to examine extrinsic evidence to determine the parties' intent" (*Royal Sun Alliance Ins. Co. v Travelers Ins. Co.*, 15 AD3d 563 [2005]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Civil Serv. Empls. Assn., Inc. v Plainedge Union Free School Dist.*, 12 AD3d 395 [2004]). Whether a writing is ambiguous is a question of law to be resolved by the courts (*see W.W.W. Assoc. v Giancontieri, supra*).

The arbitration agreement at issue was signed by the defendant and several other individuals who have an interest in the plaintiff corporations. These individuals did not sign on behalf of the plaintiff corporations, and the agreement mentions neither the plaintiff corporations nor any disputes which concern them. Therefore, the agreement unambiguously excludes the plaintiffs as parties thereto, and the Supreme Court properly denied the defendant's motion to compel arbitration.

We do not address the defendant's remaining arguments, which she raises for the first time on appeal (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 571 [2004]). Miller, J.P., Luciano, Lifson and Lunn, JJ., concur.