THOMAS J. MARONEY, Appellant, v EILEEN LYNCH HAWKINS et al., Respondents. [855 NYS2d 667]—

In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 8, 2006, which granted that branch of the defendants' motion which was to stay the action and compel arbitration, and denied his cross motion for summary judgment on the complaint, and (2) an order of the same court entered June 22, 2007, which denied his motion, in effect, for reargument.

Ordered that the appeal from the order entered June 22, 2007 is dismissed; and it is further,

Ordered that the order entered November 8, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order entered June 22, 2007 must be dismissed. The plaintiff's motion, denominated as a motion for

leave to renew and reargue, was, in effect, a motion for reargument because it was not based on new facts (see CPLR 2221 [d] [2]). An order denying a motion for reargument is not appealable (see Viola v Blanco, 1 AD3d 506, 507 [2003]; Sabetfard v Smith, 306 AD2d 265, 266 [2003]).

Turning to the merits of the earlier order, the right to compel arbitration arises only by contract and arbitrable matters are limited to those contained within the contract (see CPLR 7501, 7503 [a]; Matter of Perrin v Stempinski Realty Corp., 15 AD2d 91 [1961]). Moreover, a written agreement that is clear and unambiguous as a matter of law must be enforced according to the plain meaning of its terms (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; Royal Sun Alliance Ins. Co. v Travelers Ins. Co., 15 AD3d 563 [2005]; Civil Serv. Empls. Assn., Inc. v Plainedge Union Free School Dist., 12 AD3d 395, 396 [2004]).

Here, the shareholders' agreement between the parties provided, in pertinent part, for three methods of valuing a departing shareholders' interest in the subject law firm: "[1] as agreed upon by the departing Shareholder and the firm, or in the absence of such an agreement, [2] at an appraised value as determined by two qualified appraisers, one selected and paid by the Shareholder and one selected and paid by the firm. [3] If the two appraisers do not agree as to value, they shall select a third appraiser (whose fee shall be shared equally). The three appraisals shall be averaged. Any dispute not resolved by the parties must be submitted to the American Arbitration Association for resolution." The plaintiff withdrew from the subject law firm on June 30, 2004. The parties apparently were unable to agree on their own as to the value of the plaintiff's interest in the firm pursuant to the first valuation method. They thereafter agreed to obtain a fair market valuation of the plaintiff's interest in the firm. Pursuant to the second valuation method set forth in the shareholders' agreement, the firm retained an appraiser who issued a report valuing the plaintiff's 25% interest in the firm as of his departure date at $268,025, but which did not consider the value of the plaintiff's share of the firm's liabilities. Rather than retain his own appraiser, as required under the second valuation method, the plaintiff informed the firm that he accepted the valuation of the defendants' appraiser. After the defendants refused to pay the plaintiff $268,025 on the grounds that he had already received or taken 25% of the firm's assets prior to or on his departure date and had not been assessed his share of the firm's liabilities, the plaintiff commenced the instant action to recover damages for breach of contract, seeking to recover the $268,025 representing his share

of his interest in the firm, as determined by the defendants' own appraiser. The defendants moved to dismiss the complaint or to stay the action and compel arbitration, and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted that branch of the defendants' motion which was to stay the action and compel arbitration and denied the plaintiff's cross motion. We affirm.

Contrary to the plaintiff's contention, his decision to accept the valuation reached by the defendants' appraiser, rather than retain a separate appraiser, as required by the second valuation method in the shareholders' agreement, did not bind the defendants to their appraiser's valuation. The plain language of the agreement set forth that when the parties applied the second valuation method, they were bound by their appraiser's valuation only if both appraisers agreed as to value. The plaintiff accepted the valuation reached by the defendants' appraiser and never retained his own appraiser. Thus, pursuant to the plain language of the shareholder's agreement, the entire issue of valuation became arbitrable, including the value of the plaintiff's outstanding liabilities to the firm and whether the plaintiff has already been compensated for his interest in the firm. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.