■ LKE FAMILY LIMITED PARTNERSHIP, Appellant, v GILLEN LIVING TRUST et al., Respondents. [873 NYS2d 224]—

In an action, inter alia, for specific performance of an option to purchase real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered July 11, 2007, which, upon an order of the same court dated June 25, 2007, inter alia, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action, inter alia, for specific performance of an option to purchase real property contained within an agreement (hereinafter the option agreement) entered into by the parties after the defendants purchased the subject property at a foreclosure sale. In support of that branch of their motion which was for summary judgment dismissing the complaint, the defendants demonstrated, prima facie, that the plaintiff failed to strictly adhere to the terms and conditions of the option agreement in that, inter alia, the plaintiff failed to comply with a condition precedent to the exercise of the option by failing to make rental payments to the defendants for the use of the property prior to the sale (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Raanan v Tom's Triangle*, 303 AD2d 668, 669 [2003]; *O'Rourke v Carlton*, 286 AD2d 427 [2001]).

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see also Mohring Enters. v HSBC Bank USA*, 291 AD2d 385, 386 [2002]). Moreover, the plaintiff failed to demonstrate how further discovery might have yielded material facts which would warrant the denial of summary judgment (*see Francis v Board of Educ. of City of Mount Vernon*, 278 AD2d 449 [2000]). Accordingly, the Supreme Court properly determined that the defendants were entitled to summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.