■ COLDWELL BANKER REAL ESTATE SERVICES, INC. Doing Business as COLDWELL BANKER COMMERCIAL NRT, et al., Respondents, v 529 ATLANTIC, LLC, Appellant, et al., Defendants. [879 NYS2d 207]—

In an action to recover a real estate brokerage commission, the defendant 529 Atlantic, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered June 30, 2008, as granted the plaintiffs' motion for summary judgment on the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The clear and unambiguous terms of the exclusive listing agreement executed by the parties provided that the plaintiffs would be entitled to an agreed 7% commission if, during a period of 180 days after the expiration date of the agreement, the property was sold to any person who had been shown the property during the term of the listing. That provision, along with all the other terms of the agreement, remained in full force when the parties amended the agreement to alter the original expiration date.

"The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *see Jackson & Wheeler, Inc. v Village of Pleasantville*, 56 AD3d 723, 724 [2008]; *Yu Han Young v Chiu*, 49 AD3d 535, 535-536 [2008]). " '[A] written agreement that is clear and unambiguous as a matter of law must be enforced according to the plain meaning of its terms' " (*Maroney v Hawkins*, 50 AD3d 862, 863 [2008], quoting *Greenfield v Philles*

*Records*, 98 NY2d 562, 569 [2002]; *see Ross v Sherman*, 57 AD3d 758 [2008]).

The plaintiffs introduced the property to an individual who entered into an initial agreement to purchase the property. That agreement was nullified by the prospective buyer pursuant to a mortgage contingency clause. The defendant 529 Atlantic, LLC (hereinafter the defendant), continued to negotiate with the prospective buyer and, after agreeing to take a purchase money mortgage from the buyer, sold him the property. That second agreement to sell the property was executed within two weeks of the expiration date of the exclusive listing and the sale was closed three months later, all within 180 days of the expiration date of the agreement.

The plaintiffs established their prima facie entitlement to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and the defendant failed to raise a triable issue of fact. Further, the defendant failed to make an evidentiary showing that further discovery might provide information that was material and relevant in opposition to the motion for summary judgment (*see LKE Family Ltd. Partnership v Gillen Living Trust*, 59 AD3d 602 [2009]; *Board of Mgrs. of Park Regent Condominium v Park Regent Unit Owners Assoc.*, 58 AD3d 589 [2009]; *Phelan v Huntington Tri-Vil. Little League, Inc.*, 57 AD3d 503, 505 [2008]). The Supreme Court therefore properly granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant.

The defendant's remaining contentions are without merit. Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur. [*See* 2008 NY Slip Op 31896(U).]