■ BLIZZARD COOLING, INC., Respondent, v PARK DEVELOPERS & BUILDERS, INC., Appellant, et al., Defendants. [21 NYS3d 348]—

In an action, inter alia, to foreclose a mechanic's lien, the defendant Park Developers & Builders, Inc., appeals from a judgment of the Supreme Court, Kings County (Rothenberg, J.), dated June 12, 2013, which, upon an order of the same court dated May 30, 2013, granting the plaintiff's motion to confirm an arbitration award dated November 7, 2012, to the extent of confirming the reduced sum of $39,700, and denying that branch of its cross motion which was, in effect, to vacate the award, and an order dated September 20, 2012, granting the plaintiff's motion to stay the action and compel arbitration, is in favor of the plaintiff and against it in the principal sum of $39,700.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion to confirm the arbitration award dated November 7, 2012, is denied in its entirety, that branch of the

cross motion of the defendant Park Developers & Builders, Inc., which was, in effect, to vacate the award is granted, the plaintiff's motion to stay the action and compel arbitration is denied, the orders dated May 30, 2013, and September 20, 2012, are modified accordingly, the arbitration award dated November 7, 2012, is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant Park Developers & Builders, Inc. (hereinafter the defendant), hired the plaintiff as a heating, ventilation, and air conditioning subcontractor on a home renovation project for the agreed-upon price of $81,700. A dispute subsequently arose over the quality of the plaintiff's work, and the defendant withheld payment of the full contract price. The plaintiff then filed a mechanic's lien in the sum of $39,700, representing the balance allegedly due under the contract. In December 2011, the plaintiff commenced this action, inter alia, to foreclose the mechanic's lien and recover the sum of $39,700. About six months later, an individual alleged to be the defendant's principal signed a document stating that he was "prepared to arbitrate before the Rabbinical Court." The plaintiff thereafter moved to stay the action and compel arbitration. In an order dated September 20, 2012, the Supreme Court (Knipel, J.), granted the plaintiff's motion. After conducting an arbitration at which the defendant did not appear, the Rabbinical Court entered an award on November 7, 2012, in favor of the plaintiff and against the defendant in the sum of $273,610.44. The plaintiff moved to confirm the arbitration award, and the defendant cross-moved, in effect, to vacate the award, or modify it by reducing it to the sum of $39,700. In an order dated May 30, 2013, the Supreme Court (Rothenberg, J.) modified the award by reducing it to $39,700, and confirmed the award as modified. The Supreme Court thereafter entered judgment upon the two prior orders in favor of the plaintiff and against the defendant in the principal sum of $39,700.

On appeal, the defendant contends that the Supreme Court erred in granting the plaintiff's motion to stay the action and compel arbitration, and in denying that branch of its subsequent cross motion which was, in effect, to vacate the arbitration award, because the document alleged to be an arbitration agreement was unenforceable. We agree. "[A] party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent 'evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes' " (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183

[1984], quoting *Schubtex, Inc. v Allen Snyder, Inc.*, 49 NY2d 1, 6 [1979]; *see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]). Although no particular wording is required to constitute a valid, binding arbitration agreement, the language used must be clear, explicit and unequivocal (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d at 374; *Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 918 [2010]; *Lovisa Constr. Co. v County of Suffolk*, 108 AD2d 791, 792 [1985]).

Here, the document alleged to constitute the arbitration agreement between the parties was signed by an individual identified by the plaintiff as the defendant's principal. However, there is no indication that this individual signed the document on behalf of the defendant corporation, and he was not a party to the litigation. Further, the document made no reference to the defendant or to any disputes between the plaintiff and the defendant. Under these circumstances, the document does not evince a clear, explicit, and unequivocal agreement between the plaintiff and the defendant to submit their dispute to arbitration (*see Banda v Lynch Park, LLC*, 114 AD3d 892, 893 [2014]; *Messiah's Covenant Community Church v Weinbaum*, 74 AD3d at 918; *Willoughby Rehabilitation & Health Care Ctr., LLC v Webster*, 31 AD3d 537, 538 [2006]). Accordingly, the Supreme Court should not have compelled arbitration, and the ensuing award should be vacated.

In light of our determination, we need not reach the defendant's remaining contention. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.

———

Motion by the respondent to dismiss an appeal from a judgment of the Supreme Court, Kings County, dated June 12, 2013, on the ground that the issues raised relate to an order dated September 20, 2012, which is not brought up for review by the judgment. By decision and order of this Court dated December 12, 2014, the plaintiff's motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.