Homapour v Piroozian (2022 NY Slip Op 06118)

Homapour v Piroozian

2022 NY Slip Op 06118

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-01669
 (Index No. 611064/18)

[*1]Shahriar Homapour, appellant, 
v
Imanuel Piroozian, respondent.

Law Office of Steven Cohn, P.C., Carle Place, NY (Alan S. Zigman of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Dustin Bowman of counsel), for respondent.

DECISION & ORDER
In an action for specific performance of an option to purchase certain real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered January 8, 2020. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Imanuel Piroozian and Shahriar Homapour were at all relevant times members of Higgins Ave, LLC (hereinafter the Company). In June 2004, the Company purchased certain property in Flushing (hereinafter the property). In 2006, a prior owner of the property commenced an action in the Supreme Court, Queens County (hereinafter the Queens action), against Piroozian, Homapour, and the Company, among others, alleging, inter alia, that the property had been fraudulently conveyed. During the pendency of the Queens action, Piroozian and Homapour entered into an agreement on February 2, 2010, entitled the Queens Warehouse Division Agreement (hereinafter the agreement), providing, among other things, for the sale of the property under certain conditions. The agreement provided that "[a]fter exhaustion of all available appellate remedies from any judgment resolving the Litigation," with the "Litigation" defined as the Queens action pending "between [Homapour and Piroozian] as the current owner[s] and the prior owner as to [Homapour's and Piroozian's] ownership rights in the Property," then the "Property," defined as a "warehouse in Queens" at a certain address, "will be sold" as set forth therein. The agreement provided that Piroozian would have 35 days to market the property, and no later than 5 days thereafter, would have the option to present a term sheet from either Piroozian or a third party to purchase the property at a price indicated by Piroozian, with Homapour, in effect, having a right of first refusal to purchase the property at the same price proposed by Piroozian. The agreement further provided that if Piroozian did not exercise his option within the time set for him to do so, Homapour could then present a term sheet to purchase Piroozian's interest in the property at a price set by Homapour.
On January 12, 2018, the Queens action was discontinued with prejudice as against Piroozian upon oral application by the property's prior owner, and a stipulation of settlement of the Queens action was executed by the property's prior owner, the Company, Homapour, and a third-[*2]party defendant, and was so-ordered by the Supreme Court. On February 2, 2018, a judgment was entered in the Queens action upon the so-ordered stipulation of settlement, and on February 22, 2018, the property's prior owner served notice of entry of the judgment upon the other parties.
On February 26, 2018, Homapour purported to exercise his option to purchase the property by submitting a term sheet for his purchase to Piroozian. Piroozian rejected the term sheet. Homapour then commenced this action against Piroozian seeking specific performance of his option to purchase the property pursuant to the agreement. Piroozian then moved, among other things, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, contending, inter alia, that Homapour failed to strictly adhere to the terms and conditions of his option to purchase the property in the agreement. By order entered January 8, 2020, the Supreme Court granted that branch of Piroozian's motion. Homapour appeals. We affirm.
A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88; Bonavita v Government Empls. Ins. Co., 185 AD3d 892). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 856 [alterations and internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790).
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Murphy v Department of Educ. of the City of N.Y., 155 AD3d 637, 638 [internal quotation marks omitted]; see Phillips v Taco Bell Corp., 152 AD3d 806, 807). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Edelman v Berman, 195 AD3d 995, 996 [internal quotation marks omitted]; see Bodden v Kean, 86 AD3d 524, 526).
To state a cause of action for specific performance for the sale of property, a plaintiff must plead facts demonstrating, among other things, that the plaintiff substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations (see Finkelstein v Lynda, 166 AD3d 948, 949). An optionee attempting to validly exercise an option to purchase real property must strictly adhere to the option agreement, by exercising the option in accordance with its terms, within the time and in the manner specified in the option (see Kaplan v Lippman, 75 NY2d 320, 325; LKE Family Ltd. Partnership v Gillen Living Trust, 59 AD3d 602; O'Rourke v Carlton, 286 AD2d 427, 427).
Here, the documentary evidence submitted by Piroozian utterly refuted Homapour's allegations that he strictly adhered to the terms and conditions of the agreement when he submitted his term sheet to Piroozian (see LKE Family Ltd. Partnership v Gillen Living Trust, 59 AD3d at 602; O'Rourke v Carlton, 286 AD2d at 427). Further, even when viewing the complaint in the light most favorable to Homapour (see Leon v Martinez, 84 NY2d at 87-88), Homapour failed to allege facts that would demonstrate his entitlement to specific performance of his option to purchase the property. The complaint and Homapour's submissions established that he prematurely delivered a term sheet to Piroozian for Homapour's purchase of the property, before Piroozian's time to exercise his own option had expired. Contrary to Homapour's contention, Piroozian's option period could not have begun to run prior to entry of the judgment in the Queens action, as the agreement by its plain terms provided that the option period began after exhaustion of appellate remedies from a [*3]"judgment" (see HSBC Bank USA, N.A. v Rubin, _____ AD3d _____, 2022 NY Slip Op 05682 [2d Dept]). Thus, irrespective of the parties' dispute as to when the available appellate remedies from the judgment were fully exhausted, Homapour's term sheet was clearly premature, as Homapour submitted it less than 40 days after the judgment in the Queens action was entered.
Accordingly, the Supreme Court correctly granted that branch of Piroozian's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, as Piroozian's evidence conclusively established a defense as a matter of law, and demonstrated that Homapour does not have a cause of action for specific performance (see generally Leon v Martinez, 84 NY2d at 88).
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court